2 ct

(17)
12/12/00

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Anthony M. Kline       : 1CV00-1695
       Plaintiff       :
                       :            FILED
    vs.                :         HARRISBURG
County of Schuylkill et al. :       DEC 11 2000
       Defendants      :        MARY E. D'ANDREA, CLERK
                                Per_____
                                       DEPUTY CLERK

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF, ANTHONY M. KLINE, IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT.

1. History of the Case

Plaintiff, Anthony M. Kline, a prisoner incarcerated at the Schuylkill County Prison, filed this complaint under the Civil Rights Act, 42 U.S.C. § 1983 naming as Defendants, County of Schuylkill, Schuylkill County Prison, Schuylkill County Prison Board Members, individually and collectively, Francis V. McAndrew, Forest L. Shadle, Jerome P. Knowles, Stanley H. Tobash, William Baldwin, the former warden David J. Kurtz, the current Warden Gerald Britton, and Eugene Berdanier, the current Deputy Warden.

The Defendants open their Memorandum with the claim that Plaintiff has failed to exhaust the Administrative Remedies available to him even though he is "intimately familiar" with the grievance process. Plaintiff is familiar with this process and knows that any grievance written on any form but an "Inmates Request To Staff Member" form will be disposed of without further action by staff.

Plaintiffs Complaint contains three (3) prison condition claims, a due process claim in conjunction

with disciplinary proceedings and a medical care claim. The Prison condition claims are clearly stated as follows:

1) Plaintiff states that between July 25, 1998 (not July 25, 1988 as stated in Defendants Memoran[dum] of Law on page 2, paragraph 1, 2, +3) to January 29, 19[99] he was "forced" to be housed in a single bunk cel[l] with another individual, forcing him to sleep on t[he] floor with a mattress.

2) Plaintiff also states from July 25, 1998 to Janua[ry] 29, 1999 he was housed in a cell/or cell block with "Human feces, and other bodily fluids on walls, floors, etc.".

3) From July 25, 1998 to present Plaintiff has bee[n] housed in cell/cell block which is infested with various types of bugs/insects and/or vermin.

4) Plaintiff has been confined in E-Block (disci[p]linary lock up unit) of Schuylkill County Prison in violation of his right to due process by being placed in pre-hearing confinement.

5) Plaintiff, while incarcerated, needed new eye glasses and although these "new" eye glasses were provided by the medical department, they wer[e] provided without a proper examination and therefo[re] cannot possibly be the correct prescription.

Plaintiff therefore moves to reject Defendan[ts] Motion to Dismiss the Complaint or, in the Alternati[ve] For a Summary Judgement and asks this Honorab[le] Court to Allow this Complaint to proceed.

## II. Questions Presented

1. Whether the Complaint must be allowed to proceed and the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgement be denied by reason of Plaintiffs numerous attempts to Exhaust Administrative Remedies.

Suggested Answer: YES

2. Whether the Complaint must be allowed to proceed and the Defendants Motion to Dismiss or, in the Alternative, for Summary Judgement be denied since relief under 42 U.S.C. §1983 may be granted in absence of physical injury.

Suggested Answer: YES

3. Whether the Complaint must be allowed to proceed and the Defendants Motion to Dismiss or, in the Alternative, for Summary Judgement be denied since Defendants did display Gross Negligence.

Suggested Answer: YES

4. Whether the Complaint must be allowed to proceed and the Defendants Motion to Dismiss or, in the Alternative, for Summary Judgement be denied since the named Defendants can and should be held responsible for the actions of their subordinates.

Suggested Answer: YES

5. Whether the Complaint must be allowed to proceed and the Defendants Motion to Dismiss or, in the Alternative, for Summary Judgement be denied since the named Defendants are ultimately responsible for Plaintiff being Subjected to the prison conditions and other allegations stated in the Complaint.

Suggested Answer: YES

6. Whether the Complaint must be allowed to proceed and the Defendants Motion to Dismiss or, in the Alternative, For Summary Judgement be denied in regards to the eye glasses claim since Plaintiff did recieve eye glasses although they were not the correct prescription and the named Defendants are responsible.

Suggested Answer: YES

### III. Standard of Review

In considering a Motion to Dismiss the Plaintiff Complaint two questions must be asked and answered by the Court. The Court, first of all, must assume that every fact stated in the Complaint is absolutely true. It must then ask whether, accepting all those facts, there is any possibility that you can be entitled to any form of relief. If any combination of the facts stated in your Complaint might qualify you for any form of court action under section 1983, then the Court is legally required to deny the Defendants' Motion to Dismiss the Complaint.

The U.S. Supreme Court has stated this test very strongly in two cases involving prisoners' suits under sec. 1983. Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). In Cruz, the Court said that a Complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief". In Haines, the Court added that in considering a Motion to Dismiss, a "pro-se complaint" should be held to "less stringent standards than the formal pleadings drafted by lawyers". 404 U.S. at 520.

Under these circumstances and upon consideration of the numerous affidavits supplied herein in testament to the facts alleged in the Complaint, this Honorable Court should allow this instant Complaint to proceed.

IV. Arguement

A. The Complaint must be allowed to proceed and Defendants' Motion To Dismiss or, in the Alternative, For Summary Judgement cannot be granted merely on grounds of Plaintiffs so called failure to exhaust grievance proceedures or Administrative remedies.

The Supreme Court ruled that a prisoner does not need to exhaust his prisons administrative remedies before he can file a section 42 U.S.C. 1983 suit. Since section 1983 is "supplementary" to state remedies no section 1983 can properly be thrown out for failure to exhaust state Judicial or Administrative remedies.
see - Monroe V. Pape, 365 U.S. 167, 180-183 (1961).
also - McKleese V. Board of Education, 373 U.S. 668 (1963).
also - Damico V. California, 389 U.S. 416 (1967).

Plaintiff, Anthony M. Kline, cannot and should not be held responsible for alleged failure to exhaust the Administrative Remedies. He requested the proper forms to do so although he is not knowledgeable in the law and is basically illiterate. Correctional officers as well as named Defendants knew or should have known of his illiteracy and refused to appoint someone to, or assist him in preparing a grievance.

B. This Complaint should be allowed to proceed and the Defendants' Motion to Dismiss or, in the Alternative, For Summary Judgement cannot be granted in absence of physical injury.

If you have not been physically hurt, a court can still award "nominal Damages" for your mental anguish and for the very fact that you were deprived of your rights.
see- Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962); also- Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965).

Although no physical injury is claimed, Plaintiff was caused "severe emotional stress and/or Mental anguish" due to feeling degraded and humiliated by prison conditions. In Beck v. Lynaugh, 842 F.2d 759, 761 (Fifth Cir. 1988); the Court ruled that Prison officials cannot escape their responsibilities for maintaining sanitation by blaming the (prisoners), either for causing unsanitary conditions; or for failing to clean them up. John v. Pelker, 891 F.2d 136, 139 (7th Cir. 1989).

Numerous courts have also condemned overcrowding that results in inmates sleeping on floors see: Newkirk v. Cheers, 834 F.Supp. 772, 783 (E.D.Pa. 1993); also: Monmouth County Correctional Institution v. Lanzaro, 595 F.Supp. 1417, 1440 (D.NJ. 1984)(Floor Mattresses Limited to Emergencies). Prisoners sleeping on floors violates the (Eighth Amendment) or (Due Process).

C. This Complaint should be allowed to proceed and Defendants Motion to Dismiss or, in the Alternative for Summary Judgement cannot be granted with regard to claims predicated upon Negligence or Gross Negligence.

With regard to Defendants claim that Negligence is not sufficient to support liability, The Supreme Court ruled that "prison officials

do not have absolute immunity and can be made to pay monetary damages to compensate you for harm or injury you suffer as a result of what the official <u>did or did not do</u>."

These Defendants are responsible for the overall operations of Schuylkill County Prison and therefore can and should be held responsible for the Negligence or Gross Negligence asserted in this Complaint.

D. The Complaint must be allowed to proceed and the Defendants' Motion to Dismiss or, in the Alternative, For Summary Judgement must be denied since this Complaint identifies the top individual Defendant(s) responsible for conditions and deprivations.

The Defendants', former Warden David J. Kurtz, current Warden Gerald Britton, and current Deputy Warden Eugene Berdanier are responsible for the training their subordinates recieve and if those subordinates are negligently trained then these Defendants are ultimately responsible.

The top courts have held "you may also recieve damages from top officials for acts of "subordinates" who those top <u>officials negligently trained or supervised</u>".

see- <u>Carter V. Carlson</u>, 447, F.2d 358 (D.C. Cir. 1971).
also- <u>Roberts V. Williams</u>, 456 F.2d 819, 823 (5th Cir. 1972).

The Defendants' Motion uses the claim that "such personal involvement may be shown only by demonstrating that a supervisor or an administrator participated in violating (a) a

plaintiffs' rights or that he directed others to violate them or, that he, as person in charge, had knowledge of or acquiesced in his subordinates violation".
See- Baker V. Monroe Township, 50 F.3d 1186, 1190-91 (3rd Cir. 1995)

These Defendants fall into the category of "supervisor liability" because they are in direct control of the Day to day operations of Schuylkill County Prison and therefore, this Complaint cannot be dismissed on these grounds.

E. The Complaint should not be dismissed or in the Alternative, a Summary Judgement entered in favor of the Defendants on the eye glasses claim.

Plaintiff, on 12/27/99, by written request the prison medical staff (see file), asked that he be given new eye-glasses and on January 6, he recieved "new" eye-glasses. Defendants claim that no further complaints were made concerning the glasses being the wrong prescription. However, Plaintiff made several verbal requests to prison medical staff by stating "these glasses don't help and they cause headaches". His reply from medical staff was "let me see what the warden says" and no further reply was ever given.

In order to demonstrate deliberate indifference, Plaintiff must show that Defendants were more than merely negligent in diagnosing or treating a serious medical condition.

In Estelle V. Gamble, 429 U.S. 97 (1976); It states "a serious medical need may be demonstrated if the Plaintiff is able to demonstrate

that the need is "one that has been diagnosed by a physician as requiring treatment or one so obvious that a lay person would easily recognize the necessity for a doctor's attention".

Also, in some rare cases, the medical treatment provided may be so woefully <u>inadequate</u> as to <u>constitute no treatment at all</u>, thereby rising to the level of "deliberate indifference".
see- <u>West v. Keve, 571 F.2d 158, 162 (3rd Cir. 1978)</u>.

Since Plaintiff entered Schuylkill County Prison wearing prescription eye glasses the need has obviously already "been diagnosed by a physician as requiring treatment" and even a lay person wouldn't attempt to replace prescription glasses without a proper examination. Therefore, Plaintiff does demonstrate that Defendants "were more than merely negligent" and that this complaint should not be dismissed on these grounds.

F. The Complaint cannot be dismissed or, in the Alternative, a Summary Judgement entered in favor of Defendants due to Plaintiff's request for Protective Custody.

Plaintiff's claim of being placed in pre-hearing confinement is admitted to in the Defendants argument by saying "the Plaintiff file references an offense of July 22, 2000, involving possession of introduction of contraband (tobacco) and a conduct hearing was held on July 26, 2000;". Plaintiff was held in pre-hearing confinement for four (4) days prior to conduct hearing

G. Plaintiff knows that former Warden David J. Kurtz cannot be held responsible for any Constitutional Deprivation subsequent to his resignation on April 9, 1999.

The allegations in this Complaint begin on July 25, 1998 through January 29, 1999, which covers prison condition claims and by Defendants own affidavit he is responsible for conditions stated in this Complaint at all times up to and including April 9, 1999.

The Plaintiff does not attempt to hold or prove responsibility for any allegations subsequent to April 9, 1999.

H. Summary Judgement cannot be entered in favor of Warden Gerald Britton since at least some claims made in this Complaint take place after his assumption of duties as Warden on July 25, 1999.

## V. CONCLUSION

Therefore, it is respectfully submitted that the Motion of Defendants to Dismiss the Complaint or, in the Alternative, For Summary Judgement must be denied and this Complaint must be allowed to proceed.

Respectfully Submitted,

Anthony M. Kline
230 Sanderson St
Pottsville, Pa. 17901
Plaintiff