IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY M. KLINE,
    Plaintiff,

vs.

COUNTY OF SCHUYLKILL, et al.,
    Defendants

CIVIL NO. 1:CV-00-1695

(JUDGE RAMBO)

FILED
HARRISBURG, PA
JUL 05 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM

### Background

Plaintiff, Anthony Kline, an inmate formerly confined in the Schuylkill County Prison, Pottsville, Pennsylvania,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was accompanied by an application to proceed *in forma pauperis*. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, the full filing fee ultimately must be paid (at least in a non-habeas suit).[2] He names as defendants County of Schuylkill; Schuylkill County Prison Board; David Kurtz, former

---

[1] Plaintiff notified the court on April 30, 2001, that he was transferred to the facility in Somerset, Pennsylvania. (Doc. 23.) On February 7, 2001, he was transferred to the state correctional facility in Camp Hill, Pennsylvania. (Doc. 21.)

[2] Plaintiff completed this court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden of Schuylkill County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

warden, Gerald Britton, present warden, and Eugene Berdanier, deputy warden.[3]

Plaintiff alleges that between July 25, 1998 and January 29, 1999, he was forced to be housed in a single bunk cell with another individual which caused him to sleep on a mattress placed on the floor. (Doc. No. 1, Complaint.) He further states that during that time frame, the "cell/cell blocks" had human feces and other bodily fluids on the wall and floors. (Id. at 2.) Plaintiff also contends that during the same time frame, the cell/cell blocks were infested with various types of "bugs/insects and/or vermin." (Id. at 2.)

Plaintiff also claims that while confined in E Block, the "disciplinary lock-up unit," he was denied his right to due process on "several occassions [sic]" by "prison employee's/defeandants [sic]" because they placed him in "pre-hearing confinement" without proper confinement. (Id. at 5.) Plaintiff contends that all Defendants acted with gross negligence because they were aware of the conditions. Lastly, he claims that he was denied proper medical treatment because he was given eyeglasses with the wrong prescription. (Id. at 5.)

Thus, Plaintiff filed the instant action in which he seeks monetary damages for "mental aguish, stress and crually [sic]." (Id. at 6.) He seeks this court to declare Schuylkill County Prison is in violation of health codes and direct the prison to correct the

---

3 Other named defendants were dismissed pursuant to an order dated December 12, 2000, (Doc. 20) which granted Plaintiff's motion to dismiss his claims against terminating parties. (Doc. 13.)

2

violations immediately. Lastly, Plaintiff wants the U.S. Marshal to ensure the violations are corrected.

Pending before the court is Defendants' motion to dismiss the complaint or, in the alternative, for summary judgment. (Doc. 9.) This motion has been briefed and is now ripe for consideration. The document will be construed as a motion to dismiss and granted because Plaintiff failed to exhaust his state remedies and failed to state a claim upon which relief may be granted.

## Discussion

### Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings,

3

plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Defendants argue that they are entitled to an entry of dismissal on numerous grounds. It is only necessary for this court to address three of Defendants' arguments: (1) the claims against Defendants are predicated upon gross negligence; (2) the claims against Defendants are premised solely on a theory of respondeat superior; and (3) Plaintiff has failed to exhaust his administrative remedies. The court will now discuss Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Gross Negligence

It is well-settled that a prisoner does not set forth a viable civil rights claim when he alleges merely negligent conduct. Davidson v. Cannon, 474 U.S. 344 (1986). The Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of

4

abusive government conduct" which would warrant recovery under § 1983. <u>Id.</u> at 347-348. In <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848 (1998), the Supreme Court stated that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."

Plaintiff fails to identify any individual Defendant(s) as being responsible for or involved in any of the alleged deprivations. Instead, Plaintiff states, "[w]herefore, Plaintiff <u>Anthony M. Kline</u> alleges all defendants acted with gross negligence ...." (Doc. 1, p. 5.) Plaintiff's instant claims of negligence do not set forth a basis for recovery and, thus, fail to state a claim upon which relief may be granted.[4]

### Respondeat Superior

Defendants contend that Plaintiff's allegations are premised solely on a theory of <u>respondeat superior</u> and, thus subject to dismissal. A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v.</u>

---

[4] Plaintiff contends in part that Defendants' negligence constituted deliberate indifference. His complaint does not state any physical injury nor does it set forth any averments which would indicate that Defendants failed to act despite knowledge of a substantial risk of serious harm. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994).

5

Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal directions or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

An application of the above standards to Plaintiff's complaint clearly shows that he has failed to set forth a cognizable claim against the individually named Defendants. A careful review of the complaint shows that with regard to these Defendants, Plaintiff is attempting to impose liability on the basis of respondeat superior.

As to the remaining municipal Defendant, County of Schuylkill, the Supreme Court in Monell v. Department of Social Services, 436 U.S. 658 (1978) held that although municipal liability was possible, such potential liability is limited to the governmental entities' own acts as opposed to vicarious liability. Therefore, the municipality itself

6

must be the "moving force" and may not be held liable under § 1983 on a respondent superior theory. <u>Id.</u> at 692-694. Thus, dismissal in favor of all Defendants is appropriate.

### Exhaustion

Finally, Defendants contend that all of Plaintiff's claims should be dismissed for failure to exhaust available administrative remedies. Section 1997e(a) of Title 42 U.S.C., added by the Prison Litigation Reform Act (PLRA), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), provides as follows:

> No action shall be brought <u>with respect to prison conditions</u> under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

<u>Id.</u> (emphasis added).

The United States Supreme Court has since addressed the issue whether the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies when only money damages are sought. <u>Booth v. Churner</u>, 121 S.Ct. 1819 (2001). The Court held that the PLRA "requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action." Plaintiff acknowledged that he did not complete the grievance process. In light of <u>Booth</u>, dismissal in favor of Defendants is again appropriate because Plaintiff failed to exhaust his administrative remedies. <u>See also Nyhuis v. Reno</u>, 204 F.3d 65,

7

67 (3d Cir. 2000) (holding that the exhaustion requirement is mandatory whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action).

For the above reasons, Defendants' motion to dismiss the complaint is granted. An appropriate order is attached.

						_____
						SYLVIA H. RAMBO
						United States District Judge

Dated: July 5, 2001

8

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                        July 5, 2001


Re:  1:00-cv-01695    Kline v. County of Schuylkill


True and correct copies of the attached were mailed by the clerk
to the following:


     Anthony M. Kline
     SCI-SOMERSET
     EN0683
     1600 Walters Mill Road
     Somerset, PA  15510

     Frank L. Tamulonis Jr., Esq.
     111 E. Market St.
     P.O. Box 238
     Pottsville, PA  17901




cc:
Judge                        (X )            (X ) Pro Se Law Clerk
Magistrate Judge             (  )            (  ) INS
U.S. Marshal                 (  )            (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (X )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )   Pltf's Attorney (  )
Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to: US Atty Gen  (  )   PA Atty Gen  (  )
                                      DA of County (  )   Respondents  (  )

Bankruptcy Court             (  )
Other_____  (  )
                                             MARY E. D'ANDREA, Clerk
```

DATE: July 5th, 2001               BY: _____
                                       Deputy Clerk